UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OMAR MARCIAL NAVARETTE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>　　　　Respondents. | Case No. 2:25-cv-02150-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　Petitioner Omar Marcial Navarette is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he entered the United States without inspection. Dkt. 1 ¶¶ 2, 8. He entered the United States at an unknown date and resided in Oregon prior to being apprehended by Immigration and Customs Enforcement ("ICE") officers in October 2025. Dkt. 1 ¶¶ 41–42; Dkt. 9 ¶ 4.

　　　　On October 30, 2025, Marcial Navarette filed a petition for a writ of habeas corpus requiring Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. On November 3, the Court issued an order to show cause directing Respondents to file a return to the habeas petition.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Dkt. 5. Respondents filed a return on November 6, and Marcial Navarette filed a reply the next day. Dkt. 7; Dkt. 10. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## I. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## II. DISCUSSION

Marcial Navarette argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 21–40, 48–50. In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under § 1225(b)(2) was unlawful. --- F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6.

Like members of the Bond Denial Class, Marcial Navarette, who resided in the United States before his apprehension by ICE agents, is not "seeking admission" and thus cannot be subject to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

mandatory detention under § 1225(b)(2). *See id.* at *16–*27. Instead, he is subject to detention under § 1226(a), which permits release on bond. *Id.*

Respondents argue that Marcial Navarette is not a member of the Bond Denial Class because he has not requested a bond hearing before an Immigration Judge. Dkt. 7 at 2, 4. However, they acknowledge that he "would meet the Bond Denial class definition" if he did so. *Id.* This is not a basis for denying Marcial Navarette's habeas petition. Although the portion of the class definition that excludes detainees subject to detention under other parts of the INA references "the time the noncitizen is scheduled for or requests a bond hearing," whether a detainee has requested a bond hearing does not change the legality of their custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Marcial Navarette and others like him, whether they have yet requested hearings or not.

Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a). Although the date of Marcial Navarette's entry into the United States is unknown, Respondents do not argue that he was apprehended upon arrival in the United States or is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Dkt. 7. Nor do they dispute that Marcial Navarette is currently subject to mandatory detention under § 1225(b)(2), which this Court has declared unlawful under the Immigration and Nationality Act as applied to him and others similarly situated. *See id.* at 2; *Rodriguez Vazquez*, . --- F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Marcial Navarette need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Even though Marcial Navarette does not argue that he is a Bond Denial Class member, the Court can grant his petition because the current basis for his custody is unlawful, and he should instead be detained under § 1226(a), which will entitle him to a bond hearing on the merits once he requests one under 8 U.S.C. § 1226(a) and its implementing regulations. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19; *see also Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008) (explaining that in modern habeas practice, courts often "employ a conditional order of release" which orders release of the petitioner unless the government "takes some remedial action" to correct the legal violation).

### III.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Omar Marcial Navarette's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. §1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 10th day of November, 2025.

Tiffany M. Cartwright
United States District Judge